Per Curiam.
 

 The record states, that Leannah Cox filed her petition against her husband, Dudley Cox, in the Circuit Court of Jefferson County, January term, 1810, praying a divorce and alimony; that at the January term of said court, 1811, the said petition was heard, and the petitioner was decreed to be divorced from the bed and board of her husband, and to have the sum of <170 alimony
 
 per annum,
 
 from the 25th of January, 1810, until suspended by the court, &c.; that at the July term of said court a
 
 scire facias
 
 issued, suggesting the subsequent intermarriage of the plaintiff, Sloan, with the said Leannah, and the death of the * said Dudley in June, 1813; and that William Cox was
 
 *324
 
 said Dudley’s executor, and praying to have execution upon said decree, in the sum of $70, due from 25th January, 1811, to 25th January, 1812, and returnable to January term, 1814. To which
 
 scire facias
 
 the said executor appeared and pleaded, that the plaintiff, Leannah, was a person of lewd habits, and so demeaned herself from the date of the decree until the 20th of May, 1811, when a specific act of adultery is charged. To which plea there is a demurrer. At January term, 1816, judgment was given that the demurrer be overruled, the defendant to go without day, and recover against the plaintiff his costs. From which judgment a writ of error was prayed to this court. It is believed that this question depends solely on our act of Assembly concerning divorces. § 9 says, that for certain causes therein specified, and due proof thereof made, it shall be lawful for the court to grant the wife a divorce from bed and board, and also to allow her such alimony as her husband’s circumstances shall admit of, &c., which shall continue until a reconciliation takes place, or the husband by his petition offers to cohabit with her again, and use her as a good husband ought to do; and then, and in such case, the court may suspend the aforesaid decree. Or in case of her refusal to return and cohabit, under the protection of the court, to discharge and annul the same at their discretion. And if he fail in performing his engagements, the former sentence may be revived, and the arrears of alimony ordered to be paid.
 

 This act seems to contemplate only two grounds whereby a decree of the court for alimony, after it has been made, may be suspended. These are, first, a reconciliation of the parties; secondly, an offer of the husband by his petition to the court to cohabit with her again, and treat her as a good husband ought to do. Inasmuch as the Legislature acting upon this subject, and seemingly professing to point out the grounds * of suspending a decree of alimony when made, hath only assigned these two, it is to be presumed that they were the only ones intended ; for they say, “ in such case the court may suspend the said decrees,” virtually excluding all others besides those before specified by them. And there seems no reason why the party, the husband, should have the ground contained in the plea in this case, as an additional defense against the decree for alimony. For the subject matter of it, if true, is otherwise provided for by the act,
 
 *325
 
 and a higher remedy given him than that sought by his plea, to wit, a divorce from the bond of matrimony. It therefore appears to be a fair construction to suppose .that the act did not intend the discussion of a matter collaterally upon a
 
 scire facias,
 
 by way of accordance of alimony, which was by them deemed of sufficient importance to be the subject matter of an original suit, involving the highest rights of the party.
 

 See King’ Digest, 5344.